UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ANTHONY KNIGHT,

       Plaintiff,                            Civil Action No. 20-cv-10574
                                                HON. BERNARD A. FRIEDMAN

vs.

RONALD HUGHES,

       Defendant.
_____/

**OPINION AND ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO PARTIALLY DISMISS THE COMPLAINT**

I.   Introduction

Anthony Knight commenced this 42 U.S.C. § 1983 action against Michigan Department of Corrections Investigator Ronald Hughes for using excessive force during his arrest.

Before the Court is Investigator Hughes's motion to partially dismiss the complaint. (ECF No. 27). Knight responded. (ECF No. 30). Investigator Hughes did not file a reply. The Court will decide the motion without oral argument pursuant to E.D. Mich. LR 7.1(f)(2). For the following reasons, the Court shall grant the motion in part and deny it in part.

II.  Background

  A.  *Factual History*

On November 7, 2018, Knight was walking down a neighborhood street in Flint, Michigan when a Chevy Silverado pulled up alongside him and cut him off. (ECF No. 26, PageID.153, ¶¶ 8-9). A law enforcement officer exited the truck, drew his weapon, and ordered Knight to place his hands on his head. (*Id.*). Although Knight complied with the officer's directives, another officer – Investigator Hughes – approached him from behind, picked him up, and body slammed him to the ground face first. (*Id.*, ¶¶ 10-11). Investigator Hughes then pinned his knee behind Knight's neck and back, and pulled Knight's left arm hard enough to snap it.[1] (*Id.*, ¶¶ 12-13).

When Knight requested medical assistance, Investigator Hughes allegedly told him to "shut the hell up," handcuffed him, and transported him to the Genesee County jail. (*Id.*, ¶ 14). Doctors at Hurley Hospital eventually treated Knight after the Genesee County jail refused to process him without first receiving medical attention. (*Id.*, ¶ 15-16).

---

[1] Investigator Hughes claims to be employed with the Michigan Department of Corrections' Absconder Recovery Unit. (ECF No. 27, PageID.170). He purports to being a member of the United States Marshal Service's Fugitive Task Force when he arrested Knight. (*Id.*, PageID.169-70).

    B.    *Procedural History*

Knight filed this lawsuit on March 4, 2020. (ECF No. 1). The second amended complaint asserts claims for (1) excessive force under 42 U.S.C. § 1983 (Count I), gross negligence (Count II), assault and battery (Count III), and excessive force under *Bivens v. Six Unknown Agents of the Federal Bureau of Narcotics*, 403 U.S. 388 (1971) (Count IV). Investigator Hughes now moves to partially dismiss the complaint. (ECF No. 27).

III.    Legal Standard

When reviewing a motion to dismiss the complaint for failing to state a claim, the Court must "construe the complaint in the light most favorable to the plaintiff and accept all factual allegations as true." *Daunt v. Benson*, 999 F.3d 299, 308 (6th Cir. 2021) (cleaned up); *see also* Fed. R. Civ. P. 12(b)(6). "The factual allegations in the complaint need to be sufficient to give notice to the defendant as to what claims are alleged, and the plaintiff must plead sufficient factual matter to render the legal claim plausible." *Fritz v. Charter Twp. of Comstock*, 592 F.3d 718, 722 (6th Cir. 2010) (quotation omitted).

IV.    Analysis

    A.    *Official Capacity Claims Under 42 U.S.C. §1983 and Bivens (Counts I & IV)*

Investigator Hughes initially argues that (1) the Eleventh Amendment precludes the recovery of money damages against him in his official capacity as an

MDOC employee, and (2) money damages are not recoverable against him in his official capacity as deputized federal agent. (ECF No. 27, PageID.172, 176-77). He is correct on both points. *See Will v. Mich. Dep't of State Police*, 491 U.S. 58, 66 (1989); *Rodgers v. Banks*, 344 F.3d 587, 594 (6th Cir. 2003) ("the Eleventh Amendment bars § 1983 suits seeking money damages against states and against state employees sued in their official capacities."); *see also Sykes v. United States*, 507 F. App'x 455, 461-62 (6th Cir. 2012) (upholding the dismissal of a *Bivens* claim against individual federal defendants in their official capacities because of sovereign immunity).

At any rate, Knight acknowledges that any recovery against Investigator Hughes on the section 1983 and *Bivens* claims must be limited to his individual capacity. (ECF No. 30, PageID.202). So the portions of those claims asserted against Investigator Hughes in his official capacity are dismissed.

B.  *Gross Negligence (Count II)*

Investigator Hughes next contends that the gross negligence claim must be dismissed because it is mutually exclusive to the section 1983 and *Bivens* excessive force claims. (ECF No. 27, PageID.173).

Michigan law does not recognize "gross negligence" as an independent cause of action where the underlying facts support an intentional tort allegation. *See Bletz v. Gribble*, 641 F.3d 743, 756 (6th Cir. 2011) ("[a]lthough establishing that a

4

governmental official's conduct amounted to 'gross negligence' is a prerequisite to avoiding that official's statutory governmental immunity, it is not an independent cause of action."); *see also Latits v. Phillips*, 298 Mich. App. 109, 120 (2012) ("this Court has rejected attempts to transform claims involving elements of intentional torts into gross negligence.").

Because the gross negligence claim rests on precisely the same facts as the excessive force and assault and battery claims, Knight fails to state a claim for gross negligence under Michigan law. *Brent v. Wayne Cty. Dep't of Human Servs.*, 901 F.3d 656, 701 (6th Cir. 2018); *see also McArn v. Clark*, No. 19-13703, 2021 U.S. Dist. LEXIS 194619, at *24 (E.D. Mich. Oct. 8, 2021) (dismissing gross negligence claim where it was "based on precisely the same facts as [the plaintiff's] intentional tort claims."); *Townsend v. Owens*, No. 12-10379, 2012 U.S. Dist. LEXIS 113668, at *6-7 (E.D. Mich. Aug. 13, 2012) ("[I]t is well-established that an intentional tort claim, like the allegation here that excessive force was used, cannot be converted into a claim of gross negligence.").

C.   *Supplemental Jurisdiction*

Lastly, Investigator Hughes urges the Court to refuse supplemental jurisdiction over the remaining assault and battery claim. (ECF No. 27, PageID.177-79).

5

Federal courts may decline to exercise supplemental jurisdiction over state law claims where (1) the claim raises a novel or complex question of state law, (2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction, (3) the district court dismissed all claims over which it has original jurisdiction, or (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction. 28 U.S.C. § 1367(c).  None of these factors exist here.

Investigator Hughes raises the prospect of jury confusion and the difficulty calculating attorney fees under 42 U.S.C. § 1988, in the event the federal and state law claims are litigated together. (ECF No. 27, PageID.179).  But the state law claims asserted in this case "are commonly adjudicated in 42 U.S.C. § 1983 actions filed in federal court." *Bonnier v. Woods*, No. 15-14432, 2017 U.S. Dist. LEXIS 58576, at *6 (E.D. Mich. Apr. 18, 2017).  And they are not "so unique" as to warrant declining supplemental jurisdiction. *Id.*

Considerations of judicial efficiency also favor trying these claims together in federal court.  Supplemental jurisdiction arises from "considerations of judicial economy, convenience and fairness to litigants." *United Mine Workers v. Gibbs*, 383 U.S. 715, 726 (1966).  Because Knight's claims all stem from a common nucleus of identical operative facts, and the same witnesses would most likely be called to testify about the same events, there is a far greater likelihood that litigating the state

law claims in a separate state court proceeding would waste judicial resources and burden the litigants unnecessarily. *See Bonnier*, 2017 U.S. Dist. LEXIS 58576, at *7. The Court will, therefore, retain supplemental jurisdiction over the assault and battery claim. Accordingly,

IT IS ORDERED that Investigator Hughes's motion to partially dismiss the complaint (ECF No. 27) is granted in part and denied in part.

IT IS FURTHER ORDERED that the portion of the 42 U.S.C. § 1983 and *Bivens* claims (Counts I & IV) alleged against Investigator Hughes in his official capacity are dismissed.

IT IS FURTHER ORDERED that the gross negligence claim (Count II) is dismissed.

IT IS FURTHER ORDERED that the Court will retain supplemental jurisdiction over the assault and battery claim (Count III).

Dated: July 11, 2022
     Detroit, Michigan

s/Bernard A. Friedman
Bernard A. Friedman
Senior United States District Judge